```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN McCLEARY and CAROL A.      :      CIVIL ACTION
McCLEARY                        :
                                :
     v.                         :
                                :
LEIBENSPERGER TRANSPORTATION    :
SALES, INC., et al.             :      No. 09-1350
```

MEMORANDUM

McLaughlin, J.                                   April 24, 2009

       This is a product liability and negligence case involving allegedly defective brakes on a school bus. The plaintiffs' complaint was originally filed in the Court of Common Pleas of Bucks County, Pennsylvania. Defendant Thomas Built Buses, Inc. ("Thomas Built Buses") removed the case to this Court on the basis of diversity jurisdiction. Upon review of the notice of removal, the Court, sua sponte, entered an order requiring Thomas Built Buses to show cause why the case should not be remanded for failure to show complete diversity. After consideration of Thomas Built Buses' response and the plaintiffs' reply to that response, the Court will order the case remanded.

       The plaintiffs here are citizens of Pennsylvania. Four of the five defendants are citizens of states other than Pennsylvania.[1] The fifth defendant, Leibensperger Transportation

---

[1] Although Thomas Built Buses did not adequately allege the citizenship of two of the defendants in its Notice of Removal, it has adequately alleged the citizenship of those

Sales, Inc. ("Leibensperger"), is a citizen of Pennsylvania, like the plaintiffs.  Thomas Built Buses nonetheless argues that this case can be removed on the basis of diversity because Leibensperger has been fraudulently joined.

Thomas Built Buses argues that Leibensperger is fraudulently joined because all claims against it are time-barred.  The plaintiffs bring three causes of action against Leibensperger:  negligence, strict liability, and breach of warranty.  Thomas Built Buses argues that the claims for negligence and strict liability are barred by Pennsylvania's two-year statute of limitations.  The complaint alleges that the accident at issue occurred on January 12, 2007.  Compl. ¶ 15.  Thomas Built Buses argues that the statute of limitations on these claims therefore expired on January 12, 2009.  Although plaintiffs filed a writ of summons in state court on January 9, 2009, within the two-year limitations period, the summons did not name Leibensperger as a defendant.  Leibensperger was first named as a defendant in the plaintiffs' complaint filed March 11, 2009. Thomas Built Buses contends that these facts establish that the plaintiffs' negligence and strict liability claims against Leibensperger are time-barred.

Thomas Built Buses argues that the plaintiffs' claims against Leibensperger for breach of warranty are also time-

---

defendants in its response to the Order to Show Cause.

barred.  Under Pennsylvania law, breach of warranty claims are generally subject to a four-year statute of limitations that accrues from the date of sale.  42 Pa. C.S.A. § 2725.  Thomas Built Buses argues that the brakes at issue in this suit were purchased in 1994 and that the statute of limitations on the breach of warranty claim therefore expired in 1998.  As evidence that the brakes were purchased in 1994, Thomas Built Buses proffers an invoice dated June 8, 1994, from Thomas Built Buses to Leibensperger for shipment to Pennsbury School District of parts for a bus.  Thomas Built Buses states that it produced this invoice in another litigation concerning the bus, <u>Zaufilik v. Thomas Built Buses, Inc.</u> Case No. 07-9693-18-2 (Bucks Co. C.C.P.).

   This showing by Thomas Built Buses is insufficient to establish that all claims against Leibensperger are time-barred and therefore fraudulently joined.  The Court finds that the evidence proffered by Thomas Built Buses to establish the date of sale for the brake system at issue is not the type that can be considered in evaluating fraudulent joinder.  The Court therefore cannot find that the plaintiffs' breach of warranty claim against Leibensperger is time-barred and cannot find Leibensperger fraudulently joined.  Because the Court finds Thomas Built Buses has failed to show the breach of warranty

claim to be time-barred, it will not address the validity of its arguments concerning the negligence and strict liability claims.

If a district court can determine, as a matter of law, that all claims against a defendant are time-barred, then that defendant can be considered fraudulently joined and its citizenship disregarded for purposes of diversity jurisdiction. In re Briscoe, 448 F.3d 201, 219 (3d Cir. 2006).  In determining fraudulent joinder, the Court must assume as true all factual allegations of the complaint and resolve all doubts in favor of remand, and, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Briscoe at 217 (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992)) (internal quotations omitted).

To evaluate whether a plaintiff's claim is time-barred for purposes of fraudulent joinder, a court may take a "limited look" beyond the allegations in the pleadings to "reliable evidence" proffered by the removing defendant.  Briscoe at 220. Such evidence may be found in "the record from prior proceedings, which firmly establishes the accrual date for the plaintiff's claim, or in other relevant matters that are properly subject to judicial notice."  Id.

In Briscoe, the United States Court of Appeals for the Third Circuit held that a district court properly looked to prior factual findings in the same litigation in determining fraudulent joinder. The plaintiffs in Briscoe filed a product liability action concerning a defective diet drug in state court, naming as defendants the out-of-state manufacturers and several in-state physicians. The case was removed to federal court on the basis of fraudulent joinder and consolidated in a pending multi-district litigation. On consideration of the plaintiffs' motion for remand, the district court found that the plaintiffs' claims against the in-state physicians were time-barred.

In making this determination, the district court relied on its prior findings in the multi-district litigation. The district court had previously found that the diet drugs at issue caused no latent injuries. The court had also approved a class settlement and had required an extensive media campaign to give notice of that settlement, which the court found to have been "highly successful." The court relied on those two findings, as well as judicial notice of the extensive news reports concerning the withdrawal of the drug, to reject the plaintiffs' allegations that they were unaware of their injuries because they looked to their physicians for advise and that their physicians both failed to warn them and fraudulently concealed the drugs' dangers. Id. at 219-220.

On appeal, the United States Court of Appeal for the Third Circuit upheld the district court's use of its prior findings as to latent injuries and the sufficiency of notice and its taking of judicial notice of news reports to find fraudulent joinder.  The appellate court held that the district court properly looked to "evidence that was established in prior proceedings" in the multi-district litigation and to "facts subject to judicial notice."  Id. at 221.  In a footnote, the appellate court noted that judicial notice may be taken of a fact "not subject to reasonable dispute that is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned" and that judicial notice may be properly taken of news reports where the fact to be noticed was that the public reports existed, not whether the contents of those reports was true.  Id. at 221 n. 9 (citations and quotations omitted).

Applying the teaching of Briscoe here, the Court finds that the purchase order proffered by Thomas Built Buses as evidence of the date when the brake system was purchased is not the type of evidence that can be considered in evaluating fraudulent joinder.  Unlike the findings concerning latent injuries and sufficiency of notice considered in Briscoe, the purchase order is not a "finding" in prior proceedings in this case.  It is instead a piece of evidence submitted in unrelated

proceedings in another court.  The purchase order is also not subject to judicial notice.  As presented to the Court, the purchase order is an unauthenticated document that appears to show a sale in 1994 of bus parts from Thomas Built Buses to Leibensperger for Pennsbury School District.  Its accuracy and authenticity could therefore be "subject to reasonable dispute" and, because it appears to have been produced from Thomas Built Buses' records, its source is not one "whose accuracy cannot reasonably be questioned."  The relevance of the document is also subject to question because it is not clear from the face of the document that it concerns the braking system for the bus at issue here.

The purchase order is exactly the type of evidence that could be proffered in a motion for summary judgment to dismiss the plaintiffs' breach of warranty claim as time-barred.  As explained in <u>Briscoe</u>, the evidence that can be considered in evaluating fraudulent joinder is much narrower.  Because the Court finds that the purchase order cannot be considered in evaluating fraudulent joinder, the Court has no competent evidence before it to allow it to find that the plaintiffs' breach of warranty claim accrued in 1994.  The Court therefore cannot find that the plaintiffs' breach of warranty claim against Leibensperger is time-barred and cannot find that Leibensperger is fraudulently joined.  Because Leibensperger must be considered

a validly-joined defendant in this action, complete diversity is lacking and the case will be remanded to the Court of Common Pleas of Bucks County.

An appropriate Order will be issued separately.